UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

---

| | |
|---|---|
| LILA WAKELEY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.: 6:25-CV-00032 |
| v. | Hon. Norman K. Moon |
| THRIVEWORKS ADMINISTRATIVE SERVICES, LLC and THRIVEWORKS, INC., | |
| Defendants. | |

---

## JOINT MOTION TO PARTIALLY STAY DISCOVERY UNTIL RESOLUTION OF DEFENDANTS' PENDING MOTION TO DISMISS

Plaintiff Lila Wakeley ("Plaintiff") and Defendants Thriveworks Administrative Services, LLC and Thriveworks, Inc. (collectively "Defendants") hereby jointly move the Court for an Order to partially stay discovery in this case until resolution of Defendants' pending Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

1. On April 25, 2025, Plaintiff filed this putative class and collective action alleging violations under the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), et seq. ("ECPA") and the Pennsylvania Wiretapping Act, 18 Pa. Cons. Stat. § 5701, et seq. ("WESCA"). Plaintiff alleges that marketing and analytics technology and software used by Defendants on its website and patient portal for mental health services resulted in unlawful interception of communications and disclosures to third parties Google and LinkedIn of Plaintiff's personal information, including medical information, in violation of the ECPA and WESCA.

2. On July 10, 2025, Defendants filed a filed a motion to dismiss and memorandum in support seeking dismissal of Plaintiff's Complaint in its entirety with prejudice pursuant to (i) Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) for failure to plausibly allege any injury-in-fact to establish standing to assert an ECPA claim and that this Court should decline supplemental jurisdiction as to the WESCA claim, and (2) Fed. R. Civ. P. 12(b)(6) for failure to state a claim under the ECPA and WESCA. Defendants maintain that the Complaint should be dismissed in its entirety because Defendants cannot intercept communications to which they are a party and there are no facts plausibly demonstrating the applicability of the crime-tort exception to consent under the ECPA. Defendants further contend that no facts are pled plausibly demonstrating the disclosure of individually identifiable health information in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and that Plaintiff affirmatively consented to the disclosures. Defendants' motion also seeks dismissal because Defendants contend Plaintiff's claims are barred by the statute of limitations since she does not plausibly allege any interceptions occurring within the two-year limitations period.

3. Plaintiff's opposition to Defendant's motion is currently due on August 7, 2025, and although a reply date has not yet been set, the Parties expect the motion to fully submitted for the Court's consideration in early September 2025.

4. On July 14, 2025, the Court issued an Order providing in part: "The court proposes the following as a pretrial order pursuant to Federal Rule of Civil Procedure 16(b). If no party files a motion requesting changes within 10 days, it will constitute the scheduling order in this case. The court may amend the order on its own motion.

> The parties may amend the order's disclosure and discovery provisions by submitting an agreed written plan that satisfies the requirements of Rule 26(f)."

5. On July 23, 2025, the Parties met and conferred in connection with their Fed. R. Civ. P. 26 conference and agreed that discovery be stayed pending resolution of the Defendants' motion to dismiss, except for the items noted in paragraphs 5(a) and 5(b) below. The Parties respectfully request that discovery be stayed in order to conserve judicial and the Parties' resources because the Court's ruling on the pending dispositive motion may ultimately render discovery moot or limited. The Parties wish to avoid, for example, the burden and expense of presently engaging in discovery involving Electronically Stored Information (ESI) and third party discovery, given the technology at issue in this matter, that may be rendered unnecessary or limited in light of the Court's ruling. Therefore, the Parties propose a stay on discovery except as to the following:

   a. Exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1) within 21 days, including exchanging insurance information pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv); and

   b. Negotiating and entering into a protocol for preserving and exchanging electronically stored information ("ESI") within 21 days, to establish the parameters for such discovery should it be necessary.

6. The Parties further propose that they be permitted to submit a Rule 26(f) discovery plan within 21 days of the Court's ruling on Defendants' motion to dismiss.

7. The Parties have respectfully submitted a proposed Order for the Court's consideration.

For the foregoing reasons, the Parties respectfully request that the Court grant this motion to partially stay discovery under Federal Rule of Civil Procedure 26(c).

Dated: July 24, 2025                                      Respectfully submitted,


*/s/ Alec M. Leslie*\*                                    */s/ Edward John Steren*
Alec M. Leslie (*pro hac vice*)                           Edward John Steren
Bursor & Fisher, P.A.                                     Virginia Bar Number 88705
1330 Avenue of the Americas, 32nd Floor                   Epstein Becker & Green, P.C.
New York, NY 10019                                        1227 25th Street, N.W., 7th Floor
Tel: 646-837-7150                                         Washington, DC 20037
Fax: 212-989-9163                                         Tel: (202) 861-1825
Email: aleslie@bursor.com                                 Fax: (202) 861-3070
                                                          Email: ESteren@ebglaw.com

*/s/ Joshua H. Erlich*\*
Joshua H. Erlich                                          */s/ Brian G. Cesaratto*
Virginia Bar Number 81298                                 Brian G. Cesaratto (*pro hac vice*)
Ehrlich Law                                               Laura J. DePonio (*pro hac vice*)
1550 Wilson Blvd, Ste 700                                 Epstein Becker & Green, P.C.
Arlington, VA 22209                                       875 Third Avenue
Tel: 202-630-9546                                         New York, NY 10022
Fax: 701-722-8114                                         Tel: 202-861-1825
Email: jerlich@erlichlawoffice.com                        Fax: 202-861-3070
                                                          Email: BCesaratto@ebglaw.com
*Attorneys for Plaintiff*                                 Email: LDeponio@ebglaw.com

  \**electronically signed with permission from*          *Attorney for Defendants*
  *counsel*

4