**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| LILA WAKELEY, individually and on behalf of all others similarly situated, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 6:25-cv-00032-NKM |
| THRIVEWORKS ADMINISTRATIVE SERVICES, LLC and THRIVEWORKS, INC., | ) Hon. Norman K. Moon |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

C. Quinn Adams (VSB No. 90506)
O'HAGAN MEYER
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7125
Facsimile: (804) 403-7110
Email: cadams@ohaganmeyer.com

James W. Davidson (*pro hac vice admission pending*)
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 422-6100
Facsimile: (312) 422-6110
Email: jdavidson@ohaganmeyer.com

*Counsel for Defendants Thriveworks Administrative Services, LLC and Thriveworks, Inc.*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................ iii

I. INTRODUCTION ........................................ 1

II. ARGUMENT ........................................ 1

A. Plaintiff fails to demonstrate that she has suffered an "injury-in-fact" necessary to establish standing under Article III ........................................ 1

B. Plaintiff relies on inapplicable authority that only highlights her failure to establish plausible claims under the Electronic Communications Privacy Act ("ECPA") ..... 3

1. Plaintiff lacks standing to state a claim under the ECPA ........................................ 3

2. Plaintiff fails to establish that Defendants intended to injure her criminally or tortiously ........................................ 6

C. Plaintiff fails to allege a plausible claim under the Pennsylvania Wiretapping Act ........................................ 8

III. CONCLUSION ........................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................2

*Beck v. McDonald,*
848 F.3d 262 (4th Cir. 2017) ....................2

*Beltran v. Drs. Med. Ctr. of Modesto*,
No. 2:23-cv-01670-DC-CKD, 2025 U.S. Dist. LEXIS 109145, at *30 (E.D. Cal. June 9, 2025) ....................4

*Bishop v. Bartlett*,
575 F.3d 419, 425 (4th Cir. 2009) ....................2

*Bittner v. United States,*
598 U.S. 85, 143 S. Ct. 713 (2023)....................8

*Comm'r v. Acker*,
361 U.S. 87 (1959) ....................8

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58, 69, aff'd, No. 23-2574 (3d Cir. 2025) ....................8, 10

*Cousin v. Sharp Healthcare*. In *Cousin*,
681 F. Supp. 3d 1117 (S.D. Cal. 2023) ....................5

*Daniels v. United States*,
915 F.3d 148 (3d Cir. 2019) ....................10

*Doe v. Kaiser Found. Health Plan, Inc.*,
No. 23-cv-02865-EMC, 2024 U.S. Dist. LEXIS 66733, at *27 (N.D. Cal. Apr. 11, 2024) ....................6

*Doe v. Regents of the Univ. of Cal.*,
672 F. Supp. 3d 813 (N.D. Cal. 2023)....................3

*Doe v. Tenet Healthcare Corp.*,
No. 1:23-cv-01106-DC-CKD, 2025 U.S. Dist. LEXIS 109134, at *12-13 (E.D. Cal. June 9, 2025) .................... 4-5

*Gaige v. Exer Holding Co., LLC*,
24-cv-06099 (C.D. Cal. Jul. 19, 2024) ....................4

*Ingrao v. Addshoppers, Inc.*,
No. 24-1022, 2024 U.S. Dist. LEXIS 214748, at *40 (E.D. Pa. Nov. 25, 2024) ................9

*In re Google Cookie Placement Consumer Priv. Litig.*,
806 F.3d 125 (3d Cir. 2015) ................................................................................7

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ................................................................7

*Kline v. Sec. Guards, Inc.*,
159 F. Supp. 2d 848 (E.D. Pa. 2001) ................................................................10

*Liberty Univ., Inc. v. Lew*,
733 F.3d 72 (4th Cir. 2013) ................................................................................1

*Pena v. Gamestop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023) ................................................................7

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022)................................................................................7

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024). ................................................................5

*Rodriguez v. FastMed Urgent Care, P.C.*,
741 F. Supp. 3d 352, 2024 WL 3541582, at *6 (E.D.N.C. 2024)................................7, 10

*Roe v. Amgen Inc.*,
2024 U.S. Dist. LEXIS 101754, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024) .........7

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ................................................................................................3

*St. Aubin v. Carbon Health Techs., Inc.*,
No. 4:24-cv-00667-JST, 2024 U.S. Dist. LEXIS 179067, at *11 n.4 (N.D. Cal. Oct. 1, 2024) ................................................................................................4

*Saphilom v. Fairfax Cty. Police*,
Civil Action No. 3:23cv562, 2024 U.S. Dist. LEXIS 212502, at *13 (E.D. Va. Nov. 21, 2024) ................................................................................................2

*Sussman v. ABC*,
186 F.3d 1200 (9th Cir. 1999) ................................................................................6

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ................................................................................................2

**<u>Statutes</u>**

*18 U.S.C. § 2511(1)(a)* ..........6

*18 U.S.C. § 2511(2)(iii)(d)* ..........6

*The Health Insurance Portability and Accountability Act of 1996* (HIPAA),
45 C.F.R. Part 160 ..........7, 10

*The Electronic Communications Privacy Act of 1986*,
18 U.S.C. § 2511(1) .......... 3-4, 6, 10

*U.S.C.A. Const. Art. III* .......... 1-3, 8, 10

*Pennsylvania Wiretapping and Electronic Surveillance Control Act*,
18 Pa. Cons. Stat. § 5701, *et seq*. .......... 8-10

*18 Pa. Cons. Stat. § 306(c)(1)* ..........10

## I. INTRODUCTION

Plaintiff Lila Wakeley's ("Plaintiff") Opposition to Defendants' Motion to Dismiss (Dkt. 34, "Response" or "Plaintiff's Opposition") fails to clarify or offer any justification for ignoring the fatal deficiencies in her Class Action Complaint ("Complaint"). Plaintiff fails to plead sufficient facts to state a plausible claim for relief. Instead, she relies on vague and conclusory allegations. In her opposition brief, Plaintiff relies upon supposedly analogous and instructive cases from other jurisdictions. However, those cases merely emphasize why her Complaint is fatally flawed. The plaintiffs in those other cases pled sufficient detail regarding their individualized experiences and how the "tracking" pixels or other technologies led to individualized and targeted advertising and marketing specific to those plaintiffs about their specific medical conditions. By contrast, Plaintiff offers little detail about her individualized experience. These vague allegations do not suffice to state a plausible claim.

For the reasons set forth in Defendants' Motion to Dismiss and this Reply, Defendants respectfully request that the Court grant the Motion to Dismiss and dismiss Plaintiff's claims with prejudice.

## II. ARGUMENT

### A. Plaintiff fails to demonstrate that she has suffered an "injury-in-fact" necessary to establish standing under Article III.

"To establish standing at the motion to dismiss stage a plaintiff must plausibly allege that: (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Liberty Univ., Inc. v. Lew*, 733 F.3d 72, 89 (4th Cir. 2013) (internal citation omitted). A bare statutory violation, without an injury-in-fact, is insufficient. *See*

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). If the "line of causation" is "attenuated at best" the plaintiff's claims will not survive a motion to dismiss. *Saphilom v. Fairfax Cty. Police*, Civil Action No. 3:23cv562, 2024 U.S. Dist. LEXIS 212502, at *13 (E.D. Va. Nov. 21, 2024) (quoting *Bishop v. Bartlett*, 575 F.3d 419, 425 (4th Cir. 2009)).

Although a pleading does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Plaintiff's conclusory allegations of harm—in her Complaint and her opposition—are far from "concrete." She still fails to identify any specific to *herself*. She repeatedly references advertisements she received for "similar products and services" after visiting Defendants' website, yet she fails to allege: (1) the date(s) of the alleged misconduct, including the date when she first visited Defendants' website and the date she allegedly first received targeted advertisements, (2) what specific information she shared with Defendant through its website, and how that information was somehow connected to the "products and services" advertised to her, and (3) *where* she viewed such targeted advertisements. *See* ECF 1, at ¶ 12. *Not once* in her 45-page Complaint does Plaintiff provide any factual basis to reasonably infer that there is any connection between these advertisements and her allegedly entering medical information on the Defendants' website—as opposed to other acts like browsing the internet or using mobile applications.

Also fatal to subject matter jurisdiction is the fact that Plaintiff fails to establish any temporal connection between any alleged activity on Defendants' website and her subsequent receipt of targeted advertisements. *See Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017) (to establish Article III standing, a plaintiff must show both "an injury-in-fact…[and] causation (i.e., a fairly traceable connection between the alleged injury-in-fact and the alleged conduct of the

defendant.”). Instead, Plaintiff relies on the fact that she alleges class claims and focuses her allegations on how tracking technologies *might* be used to pick up data from hypothetical or theoretical website users. ECF 1, at ¶ 53. These hypothetical allegations about how other users might suffer harm fails to establish that *Plaintiff* has suffered any concrete or particularized harm.

The fact that plaintiff brings class claims does not absolve her of the requirements in Article III. “That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class ‘must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.’” *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016) (internal citation omitted). By contrast, in *Doe v. Regents of the Univ. of Cal.*, the plaintiff alleged she entered information relating to her heart issues and high blood pressure on the defendant’s website and later received targeted advertisements on her Facebook page, one of which specifically related to high blood pressure medication. 672 F. Supp. 3d 813, 816 (N.D. Cal. 2023). But here, Plaintiff alleges not a single factual detail about the targeted advertisements she allegedly received that related in any way to information she entered on Defendants’ website.

**B. Plaintiff relies on inapplicable authority that only highlights her failure to establish plausible claims under the Electronic Communications Privacy Act (“ECPA”).**

**1. Plaintiff lacks standing to state a claim under the ECPA.**

In support of her ECPA claim in Count I, Plaintiff alleges without any further detail, “[w]hen patients select a condition for which they would like to receive treatment [on Defendants’ website], Defendants’ disclose this information to LinkedIn [and Google]” through embedded tracking technologies. ECF 1, at ¶ 46. District Courts across the country have dismissed claims based on similarly hollow factual assertions. For example, the U.S. District Court for the Eastern District of California recently addressed this issue in a case involving a plaintiff who allegedly

used the defendant's website to search for information regarding specific health conditions, as well as for doctors and services to treat those conditions. The court held that the "Plaintiffs' complaint does not specify or describe the searches *Plaintiffs* conducted on the Website." *Beltran v. Drs. Med. Ctr. of Modesto*, No. 2:23-cv-01670-DC-CKD, 2025 U.S. Dist. LEXIS 109145, at *30 (E.D. Cal. June 9, 2025) (emphasis added). These allegations were, therefore, "[in]sufficient to plead the 'contents' of their communications that were purportedly intercepted…within the meaning of [California's state equivalent to the ECPA]." *Id.*

The *Beltran* court distinguished the plaintiffs' bare bones assertions that they searched for medical conditions and providers on defendant's website, from the facts at issue in thr North District of California's decision in *St. Aubin v. Carbon Health Techs., Inc.*, No. 4:24-cv-00667-JST, 2024 U.S. Dist. LEXIS 179067, at *11 n.4 (N.D. Cal. Oct. 1, 2024)). *Id*. Unlike the vague claims in *Beltran*, the plaintiffs in St. *Aubin* alleged "examples of actual searches, including screenshots," to establish that the contents of their communications were intercepted. *Id.*

Plaintiff attempts to analogize her vague claims to those asserted in *Gaige v. Exer Holding Co., LLC*, No. 2:24-cv-06099, 2025 U.S. Dist LEXIS 17146(C.D. Cal. Jan. 30, 2025). *See* ECF 34, at p. 10. However, the plaintiff in *Gaige* specifically alleged where he received targeted advertisements (on his Facebook and Instagram accounts); listed the specific medical diagnoses, queries, and treatments, that he shared with defendant through its website; *and* detailed the kind of medical conditions the subsequent advertisements addressed. *Gaige*, 2025 U.S. Dist. LEXIS 17146, at *3. Plaintiff has done no such thing here.

Plaintiff also attempts to analogize her claims to those in *Doe v. Tenet Healthcare Corp.*, No. 1:23-cv-01106-DC-CKD, 2025 U.S. Dist. LEXIS 109134, at *12-13 (E.D. Cal. June 9, 2025). But once again, the comparison is inapt. Unlike Plaintiff, the named plaintiffs in *Doe* alleged that

they received targeted advertisements on their Facebook pages for their specific health conditions, after entering that information on the defendant's website. *Doe*, 2025 U.S. Dist. LEXIS 109134, at *12–13 (E.D. Cal. June 9, 2025) ("After conducting searches on Defendant['s] website, Plaintiff Jane Doe 'began receiving advertisements ***on her Facebook*** related to searches for medical information that she conducted on [Defendant's] website, including ***advertisements that related to her child's birth***.'"(internal citation omitted) (emphasis added)).

Plaintiff also suggests that she, like the plaintiffs in *R.C. v. Walgreen Co.*, "provide[s] sufficient factual detail about the actions they took on Defendant's website and adequately allege[s] that such actions would have resulted in the transmission of their information to [unauthorized third parties] without their consent." 733 F. Supp. 3d 876, 891 (C.D. Cal. 2024). But again, the comparison is inapt. The named plaintiffs in *R.C.* supported their claims with abundant factual detail, including the very conditions for which they sought medication and testing (for example, Plan B, HIV tests, pregnancy tests, prenatal vitamins, and diabetes management products). *Id.* at 886.

Plaintiff also claims that Defendants mischaracterize the holding in *Cousin v. Sharp Healthcare* 681 F. Supp. 3d 1117, 1123 (S.D. Cal. 2023). Plaintiff is incorrect. Indeed, the court in *Cousin* took issue with the very same vague allegations that Plaintiff asserts here:

> Plaintiffs' overarching theory of their case, underlying all claims, is that Defendant collected patients' personal and sensitive medical information on Sharp's website and that this information was then improperly shared with Meta without patients' consent. ***However, Plaintiffs fail to factually explain their personal participation in any of this.*** Plaintiffs also lump together a variety of alleged activity undertaken by Defendant, some of which is not actionable, with no meaningful factual support as to what activities each Plaintiff engaged in on Sharp's website and what information each Plaintiff provided.

*Cousin*, 681 F. Supp. 3d at 1123(emphasis added).

Unlike the plaintiffs in the cases Plaintiff relies upon in her opposition, Plaintiff's allegations lack any detail regarding her searches and the targeted advertisements she claims to have received as a result of those searches. She makes no attempt to establish a connection between the two either. Accordingly, Plaintiff fails to establish standing to assert a claim under the ECPA.

**2. Plaintiff fails to establish that Defendants intended to injure her criminally or tortiously.**

The ECPA provides a cause of action against a defendant who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). Generally, a party to a communication cannot violate the ECPA. However, a narrow exception exists if the "communication [was] intercepted for the purpose of committing [a] criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(iii)(d). This "crime-tort exception" applies only if the alleged criminal or tortious conduct was separate and apart from the interception itself. *Sussman v. ABC*, 186 F.3d 1200, 1202 (9th Cir. 1999) ("[T]he focus is not upon whether the interception itself violated another law; it is upon whether the purpose for the interception--its intended use--was criminal or tortious.") (citations and internal quotation marks omitted).

Plaintiff alleges that Defendants' implementation of tracking technologies was tortious. However, she fails to allege—as she must—that Defendants' alleged interception was for the purpose of committing a subsequent, independent, tortious, or criminal act. *See Sussman*, 186 F.3d at 1202 (to establish the crime-tort exception, a plaintiff must allege, "the tape was made for the purpose of committing some other subsequent crime or tort"); *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-02865-EMC, 2024 U.S. Dist. LEXIS 66733, at *27 (N.D. Cal. Apr. 11, 2024) (dismissing wiretapping claims where plaintiff alleged "the communications were intercepted [1]

for the purpose of violating HIPAA, a criminal act, and [2] to tortiously collect personal information without consent," because "the act of interception itself cannot be the crime or the tort."); *Pena v. Gamestop, Inc.*, 670 F. Supp. 3d 1112, 1119 (S.D. Cal. 2023) ("[P]laintiff[] point[s] to no legal authority providing that the exception to § 2511(2)(d) is triggered when, as here, the tortious conduct is the alleged wiretapping itself.") (quoting *In re Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 145 (3d Cir. 2015)); *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022) ("criminal or tortious purpose must be separate and independent from the act of the recording.").

The fact that Defendants had no intent to commit a crime or tort is further bolstered by Plaintiff's own allegations. She alleges that Defendants deployed tracking technologies "for their own profit[.]" ECF 1, at ¶ 63. In her Response, she reiterates that Defendants used her electronic communications "for financial gain." ECF 34, at p. 15.

Numerous courts hold that a commercial or marketing-related motive is not the type of criminal or tortious motivation necessary to invoke the crime-tort exception. *See e.g., Rodriguez v. FastMed Urgent Care, P.C.*, 741 F. Supp. 3d 352, 364 (E.D.N.C. 2024); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022) ("[T]he crime-tort exception to the Wiretap Act is inapplicable where the defendant's primary motivation was to make money, not to injure plaintiffs tortiously."); *Roe v. Amgen Inc.*, No. 2:23-cv-07448, 2024 U.S. Dist. LEXIS 101754, at *15 (C.D. Cal. June 5, 2024). Even reading the Complaint in a light most favorable to Plaintiff, it simply alleges that Defendants implemented tracking technologies for a commercial purpose—not a tortious or criminal one. Therefore, Plaintiff fails to allege facts necessary to invoke the crime-tort exception.

**C. <u>Plaintiff fails to allege a plausible claim under the Pennsylvania Wiretapping Act.</u>**

Even if Plaintiff alleged a sufficiently concrete harm to confer Article III standing, which she does not, she still fails to plead the necessary facts to support her claim for violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA").

WESCA is a criminal statute, and as such, must be construed narrowly. As the Supreme Court has emphasized: "'The law is settled that penal statutes are to be construed strictly,' and an individual 'is not to be subjected to a penalty unless the words of the statute plainly impose it.'" *Bittner v. United States,* 598 U.S. 85, 102, 143 S. Ct. 713, 724 (2023) (quoting *Comm'r v. Acker*, 361 U.S. 87, 91 (1959)). Here, Plaintiff fails establish that WESCA "plainly" imposes penalties for Defendants' alleged conduct.

In *Cook v. GameStop, Inc.*, the Pennsylvania Western District Court dismissed the plaintiff's complaint in part because the plaintiff's "allegations lack[ed] sufficient detail to support a claim" under the Pennsylvania Wiretapping Act. 689 F. Supp. 3d 58, 69 (W.D. Pa. 2023), *aff'd*, No. 23-2574, 2025 U.S. App. LEXIS 19955 (3d Cir. Aug. 7, 2025). Though the technologies used and information allegedly captured in *Cook* differ from those at issue here, the allegations in both cases concerning the plaintiffs' activities on the defendants' websites were similarly vague and unspecific.

In *Cook*, the plaintiff alleged that the defendant's website captured her "mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), URLs of web pages visited, and/or other electronic communications in real-time." *Id.* at 61. Yet the court found these allegations to "lack[] critical necessary details" such as, "What mouse movements? What did she hover over? What did she click? Which keystrokes did she enter? What kind of webpages did

she visit?" *Id.*, at 69. The Complaint at issue here is equally bereft of these details regarding Plaintiff's alleged conduct while visiting Defendants' website.

In a similar action regarding a defendant's use of tracking technologies on its website, the Eastern District of Pennsylvania dismissed the plaintiff's WESCA claim for failure to allege sufficient facts regarding the 'contents' of her communications through defendant's website. The defendant in that case argued, and the court agreed, that the plaintiff "did not identify what information, if any, Vivint allegedly collected from her visit to its website." *Ingrao v. Addshoppers, Inc.*, No. 24-1022, 2024 U.S. Dist. LEXIS 214748, at *40 (E.D. Pa. Nov. 25, 2024). The Plaintiff's allegations here are comparable to those alleged in support of the WESCA claims asserted in *Ingrao*, and should be dismissed on the same grounds.

Plaintiff maintains that she has alleged far more than the mere capture of "IP addresses, device information and information regarding user activity on Defendants' website." ECF 34, at p. 26. However, Plaintiff points to statistics and figures in her Complaint that merely show examples of theoretical website users and their hypothetical website activity. ECF 1, at ¶¶ 47, 50-53. Plaintiff devoted a copious amount of space in her Complaint to explaining the data that tracking technologies could *theoretically* capture and criticizing the nonparty companies that provide such technologies. Yet, Plaintiff fails to describe *her own* experience with these technologies while visiting *Defendants'* website. Plaintiff's speculation concerning the *potential* reach of this technology—created and controlled by entities that are not parties to this suit—is irrelevant to her claims against the Defendants in this suit. Indeed, throughout the 45-page Complaint and Response, there are precious few allegations that speak to the Plaintiff's own experience on Defendants' website. The remainder is, in essence, subterfuge.

Here, as in *Cook*, Plaintiff fails to provide the information necessary for this Court to analyze the information allegedly captured by Defendants' tracking technologies. Considering that Plaintiff was the one who went on Defendants' website and input her information, and supposedly received targeted advertising (at unspecified times and locations) after doing so, her failure to allege such details is strange. It is also fatal to her claim. Plaintiff does not allege an injury sufficient to confer Article III standing, or facts that could plausibly support a claim for violation of the Pennsylvania Wiretapping Act.

Above, Defendants ask the Court to follow the decision in *Rodriguez v. FastMed Urgent Care, PC.*, which dismissed an ECPA claim based on a HIPAA violation finding that the defendant disclosed patient information for commercial use, and not to commit a crime or tort. 741 F. Supp. 3d 352, 363–64 (E.D.N.C. 2024). The same logic holds true for Plaintiff's WESCA claim. Pennsylvania law requires that Plaintiff show Defendants' acted with specific intent. *See Kline v. Sec. Guards, Inc.*, 159 F. Supp. 2d 848, 857 (E.D. Pa. 2001) (civil plaintiff must prove "intentional violation"). Establishing accomplice liability "essentially requires[s]" establishing "aiding and abetting under federal law, i.e., proof that the defendant had the specific intent to facilitate the crime and acted to facilitate it." *Daniels v. United States*, 915 F.3d 148, 162 (3d Cir. 2019); *see also* 18 Pa. Cons. Stat. § 306(c)(1). Plaintiff simply not pled facts to satisfy this standard. The Complaint is completely devoid of allegations about the Defendants' alleged criminally-motivated decision to use tracking technologies. Accordingly, Plaintiff's WESCA claim fails.

## III. CONCLUSION

Accordingly, and for the reasons discussed above, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

THRIVEWORKS ADMINISTRATIVE SERVICES, LLC AND THRIVEWORKS, INC.

By Counsel

*/s/ C. Quinn Adams*

C. Quinn Adams (VSB No. 90506)
O'HAGAN MEYER
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7125
Facsimile: (804) 403-7110
Email: cadams@ohaganmeyer.com

James W. Davidson (*pro hac vice admission pending*)
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 422-6100
Facsimile: (312) 422-6110
Email: jdavidson@ohaganmeyer.com

*Counsel for Defendants Thriveworks Administrative Services, LLC and Thriveworks, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide copies to all counsel of record.

*/s/ C. Quinn Adams*
C. Quinn Adams, VA State Bar No. 90506
O'Hagan Meyer
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Direct: 804.403.7125
cadams@ohaganmeyer.com